UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CARLINE VILBON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| | * | Civil Action No. 21-cv-11697-ADB |
| KHALID IDRISSI HAMLILI, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |
| | * | |
| | * | |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

For the reasons set forth below, Plaintiff's motion [ECF No. 10] for extension of time to file is DENIED, Plaintiff's motion [ECF No. 11] for default judgment is DENIED; Plaintiff's motion [ECF No. 12] to amend is DENIED; Plaintiff's motion [ECF No. 17] to stay is DENIED, and Defendant's letter [ECF No. 7], construed as a motion to dismiss, is GRANTED IN PART AND DENIED IN PART. His request for an injunction is DENIED and this action is DISMISSED pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

I.  BACKGROUND

On October 18, 2021, Carline Vilbon ("Vilbon"), a resident of Boston, Massachusetts, filed a *pro se* complaint against Khalid Idrissi Hamlili ("Hamlili"), a citizen of Morocco and resident of Pawtucket, Rhode Island. [ECF No. 1]. Vilbon paid the $402 filing fee. [ECF No. 2]. The clerk issued a summons [ECF No. 4], and the summons was returned executed on November 1, 2021. [ECF No. 5].

Vilbon's complaint consists primarily of a recounting of events surrounding her marriage to Hamlili and her subsequent discovery of information that, she contends, reveals Hamlili's intent to leave the marriage after securing personal benefits, including favorable immigration status in the United States. [ECF No. 1].  The complaint lists the following counts: Count I Breach of Contract; Count II Equitable Estoppel; Count III Fraudulent Misrepresentation; Count IV Unjust Enrichment; Count V Emotional Distress; Count VI Loss of Enjoyment of Life.  [Id.]. Vilbon seeks equitable and monetary relief.  [Id.].  Exhibits to the complaint include copies of a marriage certificate and text messages from Hamlili's cell phone.  [ECF No. 1-1].  The civil cover sheet accompanying Vilbon's complaint states that she seeks $75,300 plus punitive damages.  [ECF No. 1-2].  In addition to describing the cause of action as deceit and fraud, Vilbon indicates on the civil cover sheet that this action is brought pursuant to the "U.S. Statutes of Fraud", 8 U.S.C. §§ 125, 135(c); and 18 U.S.C. § 1429.  [Id.].

Because Hamlili did not answer or otherwise respond to the complaint, on November 23, 2021, he was ordered to show cause, by December 7, 2021,  why he failed to answer or otherwise respond to the complaint.  [ECF No. 6].

On November 24, 2021, Hamlili filed a one-page letter which the Clerk entered on the docket as Hamlili's motion to dismiss.  [ECF No. 7].  Hamlili states that he never lived in Massachusetts. [ECF No. 7].  He explains that he is married to Vilbon and that divorce proceedings are pending in Rhode Island.  [Id.].   He states that he is being harassed by Vilbon and that she has sued him in multiple courts.  [Id.].  Hamlili seeks dismissal of the instant action with an order for Vilbon not to file any further lawsuits against him.  [Id.].

On January 20, 2022, Vilbon filed a copy of a transcript of a January 23, 2020 hearing in a criminal matter in a Rhode Island state court.  [ECF No. 9].

On February 8, 2022, Vilbon filed the following pleadings: a motion [ECF No. 10] for extension of time to file a default motion and amended complaint; a motion [ECF No. 11] for default judgment; a motion [ECF No. 12] seeking leave to amend and to file supplemental pleadings; a proposed amended complaint [ECF No. 13], and an affidavit [ECF No. 14] in support of her motion for leave to file.

Two days later, on February 11, 2022, Vilbon filed a motion seeking to stay the instant action pending a final ruling of the United States Court of Appeals for the First Circuit concerning her appeal of a case in the District of Rhode Island.  [ECF No. 15].

On February 24, 2022, Vilbon filed an opposition to Hamlili's motion to dismiss.  [ECF No. 16].  At that time, she also filed an amended motion to stay with supporting exhibits.  [ECF No. 17].  On March 1, 2022, Vilbon filed an exhibit, [ECF No. 18] and an affidavit, [ECF No. 19] in support of her motion for default judgment.

## II.     CONSTRUCTION OF *PRO SE* PLEADINGS

In this case, both parties are representing themselves.  The Court construes the pleadings liberally because they were filed *pro se*.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007). "However, pro se status does not insulate a party from complying with procedural and substantive law." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  Dismissal of a *pro se* complaint is appropriate when the complaint fails to state an actionable claim.  Muller v. Bedford VA Admin. Hosp., 2013 WL 702766, at *3 (D. Mass. Feb. 25, 2013) (citing Overton v. Torruella, 183 F. Supp. 2d 295, 303 (D. Mass. 2001)).

### III.     LEGAL STANDARDS

**1.  Fed. R. Civ. P. 15**

The standard for judging whether to grant a motion for leave to file an amended complaint is well-settled:

A motion to amend a complaint will be treated differently depending on its timing and the context in which it is filed. A plaintiff is permitted to amend a complaint once as a matter of right prior to the filing of a responsive pleading by the defendant. Fed. R. Civ. P. 15(a). Thereafter, the permission of the court or the consent of the opposing party is required. The default rule mandates that leave to amend is to be "freely given when justice so requires," id., unless the amendment "would be futile, or reward, inter alia, undue or intended delay." Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994).

Steir v. Girl Scouts of the USA, 383 F.3d 7, 11-12 (1st Cir. 2004); see also Somascan, Inc. v. Philips Med. Sys. Nederland, B.V., 714 F.3d 62, 64 (1st Cir. 2013). "Amendment of pleadings is largely a matter within the discretion of the district court." Guest-Tek Interactive Entm't Inc. v. Pullen, 731 F. Supp. 2d 80, 92 (D. Mass. 2010) (citing Farkas v. Texas Instruments, Inc., 429 F.2d 849, 851 (1st Cir. 1970)). "Where an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters." Hatch v. Dep't for Child., Youth & Their Families., 274 F.3d 12, 19 (1st Cir. 2001) (quoting Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 59 (1st Cir. 1990)).

Under the Federal Rules of Civil Procedure, a party is entitled as of right to file an amended complaint if the party does so within 21 days after service of "a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B).  Generally, in other circumstances, a party may amend the complaint only with the opposing party's written consent or with leave of court. Fed. R. Civ. P. 15(1)(2).

### 2.      Fed. R. Civ. P. 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) requires dismissal of claims when this Court lacks personal jurisdiction over the defendant. Personal jurisdiction refers to a court's "power to require the parties to obey its [orders]." Hannon v. Beard, 524 F.3d 275, 279 (1st Cir. 2008) (quoting Daynard v. Ness, Motley, Lodaholt, Richardson, & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002)). A plaintiff consents to the personal jurisdiction of a court by bringing suit in that court. See Adam v. Saenger, 303 U.S. 59, 67 (1938). But as to a defendant, the due process clause of the United States Constitution "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985) (quoting Int'l Shoe Co. V. Washington, 326 U.S. 310, 319 (1945)). Therefore, a court is precluded from asserting jurisdiction over a defendant unless "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

When a court's power to exercise personal jurisdiction over a defendant is challenged, the plaintiff bears the burden of establishing that the exercise of such jurisdiction is proper. A Corp. v. All Am. Plumbing, Inc., 812 F.3d 54, 58 (1st Cir. 2016) (citing Phillips v. Prairie Eye Ctr., 530 F.3d 22, 26 (1st Cir. 2008)).

## IV.     DISCUSSION

As an initial matter, Vilbon is not entitled to the entry of a default. Entry of a default under Rule 55(a) is appropriate when the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The Court's November 23, 2021 Electronic Order notified Hamlili that he had not answered or otherwise responded to the complaint and provided him until December 7, 2021 to show cause in writing. In lieu of an answer, Hamlili responded by filing a letter, which the Court

construes as a 12(b)(1) motion. Under these circumstances, the basic principle that "actions should ordinarily be resolved on their merits" guides the Court's exercise of its discretion. <u>Coon v. Grenier</u>, 867 F.2d 73, 76 (1st Cir. 1989). Thus, the motion for default will be denied.

Next, the Court will not permit Vilbon to file the proposed amended complaint  Vilbon is not entitled to file an amended complaint as of right in the instant action because she did not do so within 21 days of the date on which Hamlili filed his letter seeking to dismiss this action. Moreover, granting leave to amend would serve no legitimate purpose because the proposed amended complaint fails to allege facts that would support this court's personal jurisdiction over the defendant.  Thus, the motion to amend will be denied.

This action is subject to dismissal because Vilbon has failed to establish that this Court has personal jurisdiction over the defendant.  Vilbon's opposition to Hamlili's motion does not dispute Hamlili's assertion that he has had absolutely no contact with Massachusetts.  There is no suggestion in Vilbon's pleadings that Hamlili has had "meaningful contacts" with Massachusetts, either in general or with regards to the incidents in question, such that he would anticipate being haled into court in Massachusetts to respond to allegations concerning events taking place in Rhode Island and Morocco.  The parties were married in Fez, Morocco, resided together in Rhode Island and are now parties to a divorce proceeding in Rhode Island.  In the absence of meaningful contacts with Massachusetts, this Court lacks personal jurisdiction over the defendant.

## V.     CONCLUSION

Accordingly:

1. Vilbon's motion for extension of time to file, [ECF No. 10], is <u>DENIED</u>.

2. Vilbon's motion for default judgment, [ECF No. 11], is <u>DENIED</u>.

3. Vilbon's motion to amend, [ECF No. 12], is <u>DENIED</u>.

6

    4.      Vilbon's motion to stay, [ECF No. 17], is <u>DENIED</u>.

    5.      Defendant Hamlili's motion, [ECF No.7] , construed as a motion to dismiss, is <u>GRANTED IN PART AND DENIED IN PART</u>.  Hamlili's request for an injunction is <u>DENIED</u> and this action is <u>DISMISSED</u> pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

    **SO ORDERED.**

June 10, 2022                                                        /s/ Allison D. Burroughs  
                                                                     ALLISON D. BURROUGHS  
                                                                      U.S. DISTRICT JUDGE